UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AHMAD "ANDY" KHAWAJA, | ) | CRIMINAL NO. 1:19-cr-00374 (RDM) |
| GEORGE NADER, | ) | |
| ROY BOULOS, | ) | |
| RUDY DEKERMENJIAN, | ) | |
| MOHAMMAD "MOE" DIAB, | ) | |
| RANI EL-SAADI, | ) | |
| STEVAN HILL, and | ) | |
| THAYNE WHIPPLE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**JOINT STATUS REPORT AND MOTION TO CONTINUE HEARING**

The United States of America and defendants Nader, Boulos, Dekermenjian, Diab, El-Saadi, Hill, and Whipple, through their counsel, respectfully submit this joint status report.[1] In support of this joint status report, the above-listed parties state as follows:

1. On November 7, 2019, a fifty-three count indictment was returned, charging the defendants with conspiracy to commit offenses against the United States, making conduit contributions, making excessive contributions, causing the submission of false statements, causing the submission of false records, and obstruction of justice. The indictment stems from a multi-year investigation by the Federal Bureau of Investigation into a scheme to make conduit and excessive contributions to various political committees during and after the 2016 election. After the indictment was returned, it was sealed, and warrants were issued for the arrest of all defendants.

2. On December 3, 2019, defendant Boulos surrendered to authorities in the District

---

[1] Defendant Khawaja remains a fugitive from justice.

of Nevada, and defendants Dekermenjian, Diab, El-Saadi, Hill, and Whipple surrendered to authorities in the Central District of California. Each defendant was released with an order to appear in the District of Columbia.

3. On December 13, 2019, defendant George Nader appeared before Magistrate Judge Robin M. Meriweather and before this Court. Defendant Nader was arraigned on the indictment and waived his right to appear at status hearings scheduled for December 19, 2019, and March 10, 2020. Defendant Nader agreed further to the tolling of time from December 13, 2019, to March 10, 2020, pursuant to the 18 U.S.C. § 3161(h)(7). The Court ordered that such time be excluded in the interest of justice.

4. On December 18, 2019, defendants Boulos, Dekermenjian, Diab, El-Saadi, Hill, and Whipple appeared before Magistrate Judge Meriweather. Each defendant was arraigned and was placed on a personal recognizance bond.

5. On December 19, 2019, defendants Boulos, Dekermenjian, Diab, El-Saadi, Hill, and Whipple appeared before this Court. A status conference was scheduled for March 10, 2020. All defendants agreed to toll time from December 19, 2019, to March 10, 2020, pursuant to the 18 U.S.C. § 3161(h)(7), and the Court ordered such time excluded in the interest of justice. This Court also waived the requirement that each defendant appear at the hearing on March 10, 2020. Finally, the court set a deadline of February 14, 2020, for the submission of a joint status report, to be filed if the parties jointly sought a continuance of the hearing on March 10, 2020.

6. On or about December 19, 2019, the government provided the defendants with initial discovery. That discovery consisted of a thumb drive containing more than 200,000 pages of records, and six audio disks.

7.     On December 20, 2019, the government filed an unopposed motion for a protective order governing discovery. The Court granted that motion and issued a protective order.

8.     On or about January 16, 2019, the government provided the defendants with additional discovery, consisting of a spreadsheet detailing data related to more than 20,000 text messages, and several additional FBI reports. Additionally, the government provided several of the defendants with their own tax information.

9.     Government has spoken with counsel for defendants Nader, Boulos, Dekermenjian, Diab, El-Saadi, Hill, and Whipple. The government, and each defendant, jointly request that the stats hearing be continued from March 10, 2020, for a period of approximately sixty days, for review of discovery and further negotiation with the government. The government, and each defendant, further request that the time from March 10, 2020, to the date of the next status be excluded pursuant to 18 U.S.C. §3161(h)(7)(A). Given the volume of discovery and the complexity of the case, the government and each defendant submit that the ends of justice served by excluding time outweigh the best interest of the public and the defendant in a speedy trial.

10. The parties jointly propose that the status hearing be rescheduled to the afternoon of May 19, the afternoon of May 20, or the morning of May 21, 2020.

                                        Respectfully submitted,

                                        COREY R. AMUNDSON
                                        Chief, Public Integrity Section
                                        Criminal Division
                                        U.S. Department of Justice

                    By:    */s/ Michael J. Romano*
                                        Michael J. Romano
                                        James C. Mann
                                        Trial Attorneys
                                        Public Integrity Section
                                        Criminal Division
                                        U.S. Department of Justice