UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| AHMAD "ANDY" KHAWAJA, | )   CRIMINAL NO. 1:19-cr-00374 (RDM) |
| GEORGE NADER, | ) |
| ROY BOULOS, | ) |
| RUDY DEKERMENJIAN, | ) |
| MOHAMMAD "MOE" DIAB, | ) |
| RANI EL-SAADI, | ) |
| STEVAN HILL, and | ) |
| THAYNE WHIPPLE, | ) |
| | ) |
| Defendants. | ) |

## JOINT STATUS REPORT

The United States of America and defendants Nader, Boulos, Dekermenjian, Diab, El-Saadi, Hill, and Whipple, through their counsel, respectfully submit this joint status report.[1] In support of this joint status report, the above-listed parties state as follows:

1. On November 7, 2019, a fifty-three count indictment was returned, charging the defendants with conspiracy to commit offenses against the United States, making conduit contributions, making excessive contributions, causing the submission of false statements, causing the submission of false records, and obstruction of justice. The indictment stems from a multi-year investigation by the Federal Bureau of Investigation into a scheme to make conduit and excessive contributions to various political committees during and after the 2016 election. After the indictment was returned, it was sealed, and warrants were issued for the arrest of all defendants.

2. On December 3, 2019, defendant Boulos surrendered to authorities in the District

---

[1] Defendant Khawaja remains a fugitive from justice.

of Nevada, and defendants Dekermenjian, Diab, El-Saadi, Hill, and Whipple surrendered to authorities in the Central District of California. Each defendant was released with an order to appear in the District of Columbia.

3. On December 13, 2019, defendant George Nader appeared before Magistrate Judge Robin M. Meriweather and before this Court. Defendant Nader was arraigned on the indictment and waived his right to appear at status hearings scheduled for December 19, 2019, and March 10, 2020. Defendant Nader agreed further to the tolling of time from December 13, 2019, to March 10, 2020, pursuant to the 18 U.S.C. § 3161(h)(7). The Court ordered that such time be excluded in the interest of justice.

4. On December 18, 2019, defendants Boulos, Dekermenjian, Diab, El-Saadi, Hill, and Whipple appeared before Magistrate Judge Meriweather. Each defendant was arraigned and was placed on a personal recognizance bond.

5. On December 19, 2019, defendants Boulos, Dekermenjian, Diab, El-Saadi, Hill, and Whipple appeared before this Court. A status conference was scheduled for March 10, 2020. All defendants agreed to toll time from December 19, 2019, to March 10, 2020, pursuant to 18 U.S.C. § 3161(h)(7), and the Court ordered such time excluded in the interest of justice. This Court also waived the requirement that each defendant appear at the hearing on March 10, 2020. Finally, the court set a deadline of February 14, 2020, for the submission of a joint status report, to be filed if the parties jointly sought a continuance of the hearing on March 10, 2020.

6. On or about December 19, 2019, the government provided the defendants with initial discovery. That discovery consisted of a thumb drive containing more than 200,000 pages of records, and six audio disks.

7.     On December 20, 2019, the government filed an unopposed motion for a protective order governing discovery. The Court granted that motion and issued a protective order.

8.     On or about January 16, 2020, the government provided the defendants with additional discovery, consisting of a spreadsheet detailing data related to more than 20,000 text messages, and several additional FBI reports. Additionally, the government provided several of the defendants with their own tax information.

9.     On February 11, 2020, the government filed a joint status report and motion to continue the status hearing scheduled for March 10, 2020. The government, and each defendant, jointly requested that the hearing be continued for a period of approximately sixty days, and further requested that the time from March 10, 2020, to the date of the next hearing be excluded from computations under the Speedy Trial Act.

10.    On February 24, 2020, and because of conflicts with the proposed hearing date, the government filed a supplemental joint status report. In this supplemental report, the parties requested that the hearing scheduled for March 10, 2020, be rescheduled for June 17, 2020.

11.    On March 2, 2020, the Court continued the status hearing from March 10, 2020, to June 17, 2020. Pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 *et. seq.*, the Court excluded time from the entry of its order until June 17, 2020. The Court further granted the defendants' requests not to attend the June 17 hearing, provided that counsel for each defendant not attending submit a written waiver, signed by his or her respective client, representing that the defendant understands his right to be present at each stage of the proceeding, has conferred with counsel regarding that right, and knowingly and voluntarily waives that right. Finally, the Court ordered that the parties submit another joint status report on or before June 3, 2020, notifying the Court

whether an additional continuance would be necessary.

12. The government has spoken with counsel for defendants Nader, Boulos, Dekermenjian, Diab, El-Saadi, Hill, and Whipple. Defendants Nader, Boulos, Dekermenjian, Diab, El-Saadi, Whipple, and the government jointly request that the hearing be continued from June 17, 2020, for a period of approximately 60 days, for review of discovery and further negotiation with the government. The government and these defendants further request that the time from June 17, 2020, to the date of the next status hearing be excluded pursuant to 18 U.S.C. § 3161(h)(7)(A). Given the volume of discovery and the complexity of the case, the government and these defendants submit that the ends of justice served by excluding time outweigh the best interest of the public and the defendants in a speedy trial. Counsel for these defendants have conferred with their clients regarding this request for a continuance, and regarding the defendants' rights under the Speedy Trial Act. Each of these defendants consents to the exclusion of time under the Speedy Trial Act.

13. Defendant Hill does not agree to a further continuance of this matter and seeks a trial date. The government has notified all defendants that it will oppose a request for a severance in this matter. *See*, *e.g.*, *United States v. Speight*, 941 F. Supp. 2d 115, 119 (D.D.C. 2013) (denying request for severance in a conspiracy case when one defendant was ready for trial when co-defendants were not, and excluding time pursuant to the Speedy Trial Act over that defendant's objection).

        Respectfully submitted,

        COREY R. AMUNDSON
        Chief, Public Integrity Section
        Criminal Division
        U.S. Department of Justice

By: */s/ Michael J. Romano*
   Michael J. Romano
   James C. Mann
   Trial Attorneys
   Public Integrity Section
   Criminal Division
   U.S. Department of Justice